UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Marcia S. Krieger,                                                  Civil No. 11-339 (PAM)

                 Plaintiff,

v.                                                        **MEMORANDUM AND ORDER**

United States Office of Personnel
Management,

                 Defendant.

This matter is before the Court on Plaintiff's Motion to Supplement Administrative Record and Defendant's Motion to Remand for Reconsideration. For the reasons that follow, Plaintiff's Motion is granted and Defendant's Motion is denied.

**BACKGROUND**

Plaintiff Marcia S. Krieger was a participant in the 2010 NALC Health Benefit Plan, which was administered by Defendant U.S. Office of Personnel Management ("OPM") under the Federal Employees Health Benefits Act of 1959 ("FEHBA"), 5 U.S.C. § 8901 et seq. Plaintiff initiated this action on February 9, 2011, after NALC, her insurance carrier, and OPM refused to reimburse her for expenses she incurred following back surgery on September 28, 2010. Plaintiff seeks reimbursement for two procedures performed during the surgery, namely, an L3-L4 laminectomy and lumbar fusions at levels L3-L4 and L4-L5 using an Aspen spinal fusion device. Both NALC and OPM denied coverage on the basis that these treatments were not medically necessary under the terms of the Health Benefit Plan.

The Court notes the fact that OPM "[o]btain[ed] an advisory opinion from an independent physician" to assist in its review and ultimate affirmance of NALC's denial of benefits to Plaintiff. 5 C.F.R. § 890.105(e)(2)(ii).

Plaintiff's Motion seeks to supplement the record with three pieces of information: (1) her 2007 and 2010 MRI films; (2) documentation that describes the difference between the Aspen Spinous Process Device used in Plaintiff's surgery and the X-STOP spinal distraction device; and (3) qualifications of Plaintiff's treating and examining physicians. OPM opposes supplementation on the grounds that the Court's review should be limited to the record that was before its reviewing authority. To the extent that the above information proffered by Plaintiff is salient to a determination of medical necessity, OPM has filed its own Motion to Remand the case for reconsideration.

**DISCUSSION**

An individual covered under FEHBA "may seek judicial review of OPM's final action on the denial of a health benefits claim," 5 C.F.R. § 890.107(c), once she has exhausted her administrative remedies. Id. §§ 890.107(d)(1), 890.105. Because Plaintiff has exhausted her administrative remedies, this case is properly before the Court. The Court's review of OPM's decision is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 et seq. "Under the [APA], the court must afford considerable deference to [OPM's] findings and set aside a [OPM] action only if it was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Bryan v. Office of Personnel Management, 165 F.3d 1315, 1319 (10th Cir. 1999) (quoting 5 U.S.C. § 706(2)(A)).

This Motion is limited to the question of whether the administrative record may be supplemented with the materials listed above. The general rule is that the Court's review is "limited to the record that was before OPM when it rendered its decision affirming [NALC's] denial of benefits." 5 C.F.R. § 890.107(d)(3); see also Camp v. Pitts, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). Nevertheless, courts have allowed supplementation of the record in an action governed by the APA under the following circumstances:

> (1) the agency knew of an important matter that was unavailable to a party; (2) the agency relied on some important but secret information that was not part of the record; (3) the court needs expert testimony to help it understand matters in the agency record or needs additional factual evidence to aid its understanding; or (4) the agency engaged in bad faith or other improper behavior that warrants supplementing the record.

Governor of Kansas v. Norton, No. 03-4140, 2005 WL 1785275, at *4 n.36 (D. Kan. July 27, 2005) (citing Town of Norfolk v. U.S. Army Corps of Eng'rs, 968 F.2d 1438, 1458 (1st Cir. 1992)).[1]

This case is unique because OPM readily admits that the information with which

---

[1] Plaintiff urges the Court to adopt the rationale from the Tenth Circuit's recent decision in Murphy v. Deloitte & Touch Group Insurance Plan, 619 F.3d 1151 (10th Cir. 2010). In that case, the court discussed at length supplementation of the administrative record in an ERISA context. Specifically, the court outlined the "possibility of extra-record discovery [and supplementation] related to a dual role of conflict of interest." Id. at 1161. Although courts apply the same standard of review in both ERISA and APA cases, compare id. at 1157 (noting standard in ERISA cases) with Bryan, 165 F.3d at 1319 (noting standard in APA cases), the conflict-of-interest issue in Murphy is unique to an ERISA context, and thus this Court will not extend that rationale to the instant case.

3

Plaintiff seeks to supplement the record is "relevant to [OPM's] determination of Plaintiff's disputed claims." (Def.'s Mot. to Remand at 1.) As the Supreme Court has noted, "if the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). This Court construes the "rare circumstances" exception to include the presence of one of the four limited categories articulated by the District of Kansas in Norton. Unless one of those four categories is present, this Court will have no choice but to remand the case.

The Court believes that the first and fourth categories are implicated here. With regard to the first category, reliance on an important matter that was unavailable to the party, the Court focuses on part of the independent physician's advisory opinion that OPM considered in rendering its decision. The opinion states that the physician was "unable to find any American scientific studies in the literature noting the use of [the Aspen] device." (Admin. R. at 00007.) The physician instead analyzed the X-STOP, "a similar product," and ultimately concluded that the surgical use of such a device was not covered under Plaintiff's health plan. (Id.) Thus, whether the X-STOP is a similar product to the Aspen device is of critical importance to the disposition of Plaintiff's case.

Plaintiff, however, could not have known that the independent physician that OPM used to assist in rendering its decision would rely on characteristics of a spinal device that was not the exact spinal device used during her surgery. She therefore has had no opportunity until now to present any evidence of difference between the two spinal devices.

The Court finds that this satisfies the criteria for the first category of exception, namely, that "[OPM] knew of an important matter that was unavailable to [Plaintiff]." Norton, 2005 WL 1785275, at *4 n.36. Plaintiff may supplement the record with this information.

The Court finds that Plaintiff's request to supplement the record with her treating and examining physicians' curricula vitae also falls under the first category. Indeed, there are a number of methods that OPM can use to review a claimant's case; referral to an independent physician is only one of several. See 5 C.F.R. § 890.105(e)(2). Plaintiff could not have known with any certitude which method OPM would choose in evaluating her claim. Because OPM referred the case for an advisory opinion, and that independent physician's qualifications were noted in his opinion (Admin R. at 00004), the qualifications of Plaintiff's physicians, who proffered a different opinion, are important to this case. The Court will therefore allow Plaintiff to supplement the record with this documentation.

The fourth category, bad faith or improper behavior, also deserves closer investigation. It is undisputed that Plaintiff provided her MRI films to OPM before she filed this lawsuit. (See id. at 00034.) Indeed, Plaintiff's films were available to OPM before it even received the independent physician's opinion on November 5, 2010. (See id. at 00004.) Nevertheless, OPM states that it did not consider those films when it rendered its decision.

The Court will not question OPM's decision not to use Plaintiff's films in the first instance. Indeed, it is possible that Plaintiff supplied those films at too late a date to allow for adequate consideration. But OPM has the statutory authority to, "upon its own motion, . . . reopen its review if it receives evidence that was unavailable at the time of its

original decision." 5 C.F.R. § 890.105(e)(5). As noted above, OPM concedes that Plaintiff's MRI films are relevant to this case.

But the MRI films are no more relevant now than they were at the time Plaintiff submitted them—three-and-a-half months before this lawsuit was filed. The Court is incredulous as to OPM's decision to force Plaintiff to file a lawsuit rather than exercise its authority to reopen the case in light of the previously unavailable relevant evidence. OPM may not refuse to reopen the case—not to mention its refusal to provide Plaintiff with any of the documentation it relied on in reaching its decision—and then request a remand in light of evidence that was produced well before the lawsuit was initiated. This tactic serves the sole purpose of drawing out Plaintiff's claim and causing her to incur added expenses. The Court finds that such a tactic falls into the fourth exception noted by the court in Norton, namely, improper behavior on the part of an agency, and thus that Plaintiff may supplement the record with her MRI films.

**CONCLUSION**

Plaintiff has shown that the documentation with which she seeks to supplement the record falls into the "rare circumstances" exception contemplated by the Supreme Court. Fla. Power & Light Co., 470 U.S. at 744. Further, the Court believes that this case has been drawn out long enough; remand is simply not warranted on the facts provided. Accordingly,

**IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion to Supplement Administrative Record (Docket No. 25) is **GRANTED**; and

2. Defendant's Motion to Remand Case for Reconsideration (Docket No. 27) is **DENIED**.

Dated: Thursday, June 16, 2011

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge